ORTIZ, PLAINTIFF AND APPELLANT, *v.* DÁVILA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Unlawful Detainer.

No. 2783.—Decided November 27, 1922.

UNLAWFUL DETAINER—SUFFERANCE—CONFLICT OF TITLES—POSSESSION.—This is an action of unlawful detainer in which the plaintiff showed a recorded title of acquisition and the defendant set up a gift title without specifying the manner in which the gift was made. He also alleged possession thereunder sufficient for ordinary prescription. The defendant offered no evidence and the plaintiff proved that the alleged gift was mere tolerance on the part of the manager of the property. *Held:* That the possession being at least by tolerance, if not a clandestine act unknown to the owner, it can not avail the defendant; therefore, there is no conflict of titles that should be adjusted in an independent action for that purpose.

The facts are stated in the opinion.

*Mr. L. Toro Cabañas* for the appellant.

*Messrs. González Fagundo & González, Jr.,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of unlawful detainer wherein the plaintiff alleges that he is the owner of a rural property of 40,018 square meters in the ward of Juan Martín of the municipality of Yabucoa; that the defendant is occupying a lot measuring 17 by 40 feet whereon he has constructed a one-story frame house of the dimensions of the lot against the express will of the plaintiff, and that the said defendant

is detaining the physical possession of the said lot at suffer-
ance, without paying him any rent.

The defendant denied that the house had been constructed
against the express will of the plaintiff and alleged as a
special defense that the house was built by his mother more
than twenty years ago on a lot given to her by Raimundo
Díaz, the original owner of the property, and that since that
time he has been in possession of the house and lot as owner
publicly, peaceably and uninterruptedly.

On April 17, 1922, the lower court dismissed the com-
plaint and from that judgment the plaintiff appealed, as-
signing four errors. Summing up these assignments, they
may be reduced to two. The first refers to a motion for
nonsuit made by the defendant when the plaintiff rested,
and the second to the weighing of the evidence by the lower
court.

The appellant alleges that the court erred in entertain-
ing and sustaining the motion for nonsuit.

Notwithstanding the fact that in the opinion and judg-
ment the lower court refers to the motion for nonsuit, we
have concluded that the court decided the case on its merits,
inasmuch as the defendant's attorney, according to the
stenographic record, in speaking of the motion, said: "If
it should be overruled I ask the court for judgment and
waive the right to offer evidence." We do not see that the
error assigned was committed.

Let us examine the assignment relative to the weighing
of the evidence.

It has been repeatedly held by this court that in an ac-
tion of unlawful detainer no real or apparent conflict of
titles or interest in a property between the parties can be
considered. We find no such conflict in this case.

The only title appearing from the evidence was the
plaintiff's deed of acquisition in which it appears that he
is the owner and which bears an endorsement showing that

it was recorded in the registry. The defendant offered no evidence in opposition to the plaintiff. In the answer he disputed the plaintiff's title and alleged as special defense a title by gift and possession for more than twenty years. No allegation is made, however, as to the manner in which the gift was made, and in reference to the possession the oral evidence showed that Raimundo Díaz, from whom the gift is alleged to have been received, never was the owner of the property described in the complaint; that he was manager of it and that he could give the defendant's mother permission only to build a straw hut, and this was done soon after the San Ciriaco hurricane which did great damage and destroyed many houses in Yabucoa. These having been the circumstances of the case, the permission and tolerance extended to the defendant's mother are acts which do not affect or support the defendant's possession, in accordance with sections 446 and 1843 of the Civil Code which read as follows:

"Sec. 446. Acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or with violence, do not affect possession."

"Sec. 1843. Acts of a possessory character, performed by virtue of a license, or by mere tolerance on the part of the owner, are of no effect for establishing possession."

A fact which the lower court took into consideration in dismissing the complaint was the apparent interest of the defendant's mother in the case, albeit she was not made a party defendant.

This interest of the defendant's mother appears only from the testimony of José A. Díaz. This witness was the owner of the property. He inherited it from his mother, and his father, Raimundo Díaz, managed it. The latter, as we have said, was the person who gave the defendant's mother permission, when the defendant was a minor, to build the straw hut on a corner of the property; but witness Díaz

also testified that the original straw hut was substituted by a frame house which the defendant rebuilt, and that this house was constructed by the defendant againt the will of the witness when he was the owner of the property. Therefore, there is not at present any relationship between the interest of the defendant's mother and the ownership of the house, and all doubt was removed by the allegation of the defendant in his answer to the complaint that he is the owner of the house and lot in question.

For the foregoing reasons the judgment is reversed and substituted by a judgment sustaining the action of unlawful detainer, without special imposition of costs.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.